JAMES C. DOWNEY, Senior Judge.
Appellant, L. Marguerite Zahrt, was a tenant in the Ocean Manor Apartment Hotel (Ocean Manor), located on the Gault Ocean Mile in Fort Lauderdale, having received her lease by assignment from the trustee of her deceased father’s estate. The lease, dated January, 1958, was for a term of forty years. In 1980 the apartment building was damaged by fire and appellant was required to vacate the premises pending repairs and has never regained possession of the apartment.
At some point in time after the fire and appellant’s departure from the premises, Ocean Manor contended that appellant’s lease was terminated due to the lease provision concerning cancellation resulting from the fire damage. This claim gave rise to litigation in which this court ultimately affirmed a trial court holding that appellant's lease was not subject to cancellation due to the extent of the fire damage. B & B Florida, Incorporated v. First Nat’l Bank of Akron, 452 So.2d 1082 (Fla. 4th DCA 1984). While said litigation was pending, Ocean Manor decided to convert the property into a condominium form of ownership. The amended complaint alleges that Ocean Manor proceeded with the conversion without any notice to appellant in violation of the statutory requirements of chapter 718, Florida Statutes (1981). In sum, according to the amended complaint, appellant’s leasehold interest was totally ignored and she was afforded none of the statutory options and safeguards for tenants of property being converted from rental to condominium ownership.
This appeal concerns a fourth amended complaint by appellant against the owner of the property, Ocean Manor, Virgil D. Bianculli and Reba M. Bianculli, who purchased the apartment from Ocean Manor, and Calumet Federal Savings and Loan Association, which financed the Biancullis’ purchase of the property. In said complaint appellant expressly seeks relief on the basis of numerous theories including a constructive trust, resulting trust, civil theft, unjust enrichment, conversion, unlawful detainer and ejectment. The trial court dismissed all of the above mentioned counts with prejudice, except the count for ejectment, which it dismissed with leave to amend by setting forth a deraignment of appellant’s title.
We find no fault with the trial court’s dismissal of the counts purporting to allege a cause of action for constructive and resulting trust, civil theft, conversion, unjust enrichment or unlawful detainer, and appellant does not seem to contend that the dismissal with leave to amend the ejectment count is error. However, appellant’s complaint, within its four corners, also has sufficient allegations to support a claim for damages, which we envision to be the appropriate vehicle to right the wrong against appellant, if any. See section 718.-612(2), Florida Statutes (1981), which sets forth various rights that tenants have in conversion situations. For example, certain tenants are given a right to first refusal to purchase their leased apartment. However, where a sale of one’s apartment has taken place without honoring a tenant’s rights “the tenant’s sole remedy for such a violation will be damages.” § 718.-612(2), Fla.Stat. (1981).
Accordingly, we affirm the trial court’s order dismissing the counts above described, but reverse the order for failure to recognize appellant’s cause of action for damages for breach of her leasehold rights and for violation of her rights under chapter 718, Florida Statutes (1981). The cause *521 is therefore remanded with directions to allow appellant to file a fifth amended complaint asserting a proper count in ejectment and a specific count for damages in accordance with the foregoing.
STONE and FARMER, JJ., concur.